IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE SCHOOL DISTRICT OF PHILADELPHIA,<br>          Plaintiff<br><br>      v.<br><br>DENNIS CARLSON & JOSEPHINE CARLSON,<br>Parents of E.C.,<br><br>          Defendants | CIVIL ACTION<br><br><br><br><br>NO. 05- |

## **COMPLAINT**

1. Plaintiff The School District of Philadelphia ("School District") is an independent home rule school district of the first class established by the City of Philadelphia Home Rule Charter, with its Administrative offices at 440 North Broad Street, Philadelphia, Pennsylvania 19130.

2. Defendants Dennis Carlson and Josephine Carlson ("Parents") are the parents of E.C., ("Student"), a student residing in the School District and in the Eastern District of Pennsylvania.

3. Jurisdiction is based upon 28 U.S.C. §1331 and the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. §1415(i) (3), which authorizes the District courts to review the final decision of the State educational agency, regardless of the amount in controversy.

4. The student is 17 years old and is eligible for special education as a child who has mild mental retardation and attention deficit disorder.

5. The student was placed at The Pathway School, an approved private school, for the 2002-2003 school year.

6. By Agreement between the School District and the Parents reached at a Due Process Hearing on June 17, 2003, the Student was placed at The Pathway School for the school year 2003-2004, with the School District paying the tuition and fees for both school years.

7. On May 7, 2004, the School District developed an Individual Education Plan ("IEP") for the Student for the 2004-2005 school year, which offered an appropriate placement in the Life Skills Support program at Swenson Arts & Technical School in the School District.

8. The Parents rejected the 2004-2005 IEP because they believed that the program was inappropriate for E.C.

9. The Parents continued the student's enrollment at The Pathway School for the 2004-2005 school year and requested tuition reimbursement and fees for the 2004-2005 school year.

10. The School District declined to reimburse the Parents for private school tuition and fees for the 2004-2005 school year.

11. The Parents requested a Due Process Hearing, which took place in four sessions, ending on June 15, 2005.

12. On July 22, 2005, the Hearing Officer Linda M. Valenti entered her Decision and Order that the School District offered the Student a free appropriate public education ("FAPE") for the 2004-2005 school year and that the Parents are not due tuition reimbursement for the Student's 2004-2005 school year at The Pathway School. A true copy of the Decision and Order of the Hearing Officer in ODR Case #4924/04-05-KK is attached hereto for reference only as Exhibit "A."

13. The Parents appealed the Decision and Order of the Hearing Officer to the Special Education Due Process Appeals Panel Review.

14. On September 10, 2005, the Appeals Panel reversed the Decision and Order of the Hearing Officer, ruling that the School District's 2004-2005 IEP was inappropriate and that the Parents are entitled to tuition reimbursement for the Student's 2004-2005 school year placement at The Pathway School. A true copy of the Decision and Order of the Appeals Panel, Special Education Opinion No. 1641, is attached hereto for reference only as Exhibit "B."

15. The Decision of the Appeals Panel is final for purposes of judicial review and adversely affects the School District.

16. The School District of Philadelphia has exhausted all administrative remedies prior to filing this action.

17. The Appeals Panel erred in its Decision that The District failed to offer student "FAPE" because the IEP was insufficient in its failure to delineate an appropriate transition plan.

WHEREFORE, plaintiff The School District of Philadelphia requests that the Court receive the records of the administrative proceedings and any additional evidence

and, after review of the record, reverse the decision of the Appeals Panel and declare that the School District provided E.C. with a free appropriate public education for the 2004-2005 school year and grant such other relief against the defendants as the Court determines is appropriate, including reasonable attorney's fees of the School District for this civil action.

s/Miles H. Shore
Miles H. Shore
Pa. I.D. 03274

C. Reginald Johnson
Pa. I.D. 61115

School District of Philadelphia
Office of General Counsel
440 North Broad Street
3rd Floor
Philadelphia, PA 19130
(215) 400-4120
(215) 400-4121 (Fax)

Attorneys for Plaintiff