# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE SCHOOL DISTRICT OF PHILADELPHIA, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | No. 05-CV-5317 |
| v. | : | |
| | : | |
| D.C. and J.C. on behalf of their daughter, E.C., a minor, | : | |
| | : | |
| Defendants | : | |

---

| | |
|---|---|
| D.C. and J.C. on behalf of their daughter, E.C., a minor, | : |
| | : |
| Defendants and Counterclaimants | : |
| | : |
| v. | : |
| | : |
| THE SCHOOL DISTRICT OF PHILADELPHIA | : |
| | : |
| and | : |
| | : |
| JAMES E. NEVELS, Chairman, School Reform Commission, School District of Philadelphia | : |
| | : |
| and | : |
| | : |
| PAUL VALLAS, Chief Executive Officer for the School District of Philadelphia | : |
| | : |
| and | : |
| | : |
| THERESA HARRINGTON , Special Education Case Manager for the Northwest Region of the School District of Philadelphia, | : |
| | : |
| Counterdefendants | : |

<u>**DEFENDANTS' ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES**</u>

Defendants, D.C. and J.C., on behalf of their daughter, E.C., a minor, by and through their attorneys, McKinley and Ryan, LLC, file this Answer to the Complaint with Affirmative Defenses in the within action as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.  By way of further response, the Individuals with Education Act, the predecessor to the Individuals with Disabilities Education Improvement Act, governs this matter.

4.      Admitted.

5.      Admitted.

6.      Denied as stated.  On December 9, 2002, a Hearing Officer found that the School District of Philadelphia's ("District") IEP for E.C. for the 2002-2003 school year did not offer her a free, appropriate public education ("FAPE").  The Hearing Officer ordered the District to pay E.C.'s tuition at the Pathway School, an Approved Private School ("APS"), for the 2002-2003 school year and to provide E.C. with transportation services.  The District did not appeal the decision, nor did it comply with the Hearing Officer's order.   E.C.'s Parents requested a second due process hearing.  On June 17, 2003, prior to the first hearing session, the District agreed to pay E.C.'s tuition at  the Pathway School for the 2002-2003 and 2003-2004 school years and to provide transportation. In spite of this agreement, the District continued to refuse to pay E.C.'s tuition at the Pathway School for either the 2002-2003 or the 2003-2004 school years, although it did provide transportation.  Defendants made many unsuccessful attempts to obtain

2

enforcement of the District's promise to pay tuition at the APS, including filing a complaint with the Pennsylvania Department of Education's Division of Compliance. The District made no payments to Pathway until after a complaint was filed in federal court.

7.      Admitted in part, denied in part. It is admitted that the District convened an IEP meeting on May 7, 2004 to develop E.C.'s program for the 2004-2005 school year. It is further admitted that the District proposed that E.C. be placed in the Life Skills Support program at Swenson Arts & Technical School in the District. It is denied that the District offered an appropriate program or placement for E.C.

8.      Admitted. By way of further response, the Parents rejected the District's 2004-2005 IEP because it did not offer an appropriate program or placement for E.C.

9.      Admitted. By way of further response, the Parents funded E.C.'s enrollment at the Pathway School in the 2004-2005 school year; however, since the APS was E.C.'s pendent placement, the District, not E.C.'s parents, was legally obligated to provide funding for the APS during the pendency of due process proceedings.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Denied. The allegations contained in paragraph 17 are conclusions of

3

law to which no response is required and they are therefore denied.

WHEREFORE, Defendants, D.C. and J.C., on behalf of E.C., respectfully request that the Court receive the records of the administrative proceedings and additional evidence, sustain the decision of the Appeals Panel, dismiss the District's appeal, and enter judgment in their favor with an Order to immediately reimburse Parents for tuition at the Pathway School for the 2004-2005 school year, together with costs and attorneys fees necessitated in defending this action and such other relief as the Court determines is appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Appeals Panel 1)  was correct that the Hearing Officer erred in applying the law regarding the transition plan element of the District's 2004-2005 IEP for E.C., 2) was correct that the District's 2004-2005 IEP was inappropriate and 3) correctly ordered the District to provide tuition reimbursement for E.C.'s 2004-2005 placement at the APS.

### THIRD AFFIRMATIVE DEFENSE

The District's proposed 2004-2005 IEP for E.C. is inadequate and denied E.C. FAPE because the transition plan 1) fails to meet federal criteria; 2) does not identify all areas of need through a thorough evaluation; 3) does not address all areas of potential need; 4) does not specify desired adult outcomes or goals and adult services or how the student will make progress towards those outcomes while still in school; and 5) is not a "coordinated set of activities" that is "designed within an outcome-oriented process" taking "into account the student's preferences

4

and interests."  See 34 C.F.R. § 300.29.

**FOURTH AFFIRMATIVE DEFENSE**

There is no legal or factual basis or authority for the District's appeal of the Appeals

Panel's September 10, 2005 Decision and Order, which is fully supported by the record below.

WHEREFORE, Defendants, D.C. and J.C., on behalf of E.C., respectfully request that the

Court receive the records of the administrative proceedings and additional evidence, sustain the

decision of the Appeals Panel, dismiss the District's appeal, and enter judgment in their favor

with an Order to immediately reimburse Parents for tuition at the Pathway School for the 2004-

2005 school year, together with costs and attorneys fees necessitated in defending this action and

such other relief as the Court determines is appropriate.

**COUNTERCLAIM**

Defendants in the above action and counterclaimants herein, D.C. and J.C., ("Parents") on

behalf of E.C., a minor, file this Counterclaim and aver as follows:

**I.     PRELIMINARY STATEMENT**

1.  E.C.'s Parents bring this counterclaim to redress violations of E.C.'s civil rights.  E.C.

last attended school in the School District of Philadelphia in the 2001-2002 school year, her

eighth grade year.  Beginning in September 2002 and through the present, E.C. has attended the

Pathway School due to the Philadelphia School District's inability and/or refusal to offer her a

free, appropriate, public education ("FAPE") in the least restrictive environment ("LRE") within

its schools in the District.  The District's failure to offer E.C. appropriate and legally mandated

special education services forced her into a segregated placement and thereby discriminated

against her on the basis of her disabilities.  E.C.'s Parents seek monetary damages for the

District's failure to provide E.C. with FAPE during the 2002-2003, 2003-2004, and 2004-2005 school years. E.C.'s Parents also seek payment of tuition and related fees for the current 2005-2006 school year at the Pathway School. They also seek monetary damages for the current school year as set forth below.

## II.   JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1342, 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A), 20 U.S.C. § 794 and 42 U.S.C. § 1983.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events and omissions giving rise to the claims herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania and involve counterdefendants who reside and do business within its jurisdictional limits.

## III.   PARTIES

4.  Defendants and counterclaimants, D.C. and J.C., ("Parents") are the parents and natural guardians of Plaintiff E.C., who reside in Philadelphia. As such, they are entitled to certain rights and procedural protections for E.C. under federal law and bring this action in her behalf.

5.  Defendant and counterclaimant, E.C., ("Student") is a seventeen year old student with Mild Mental Retardation and Attention Deficit Disorder and is eligible for special education services and for protection from discrimination.

6.  Plaintiff and counterdefendant, School District of Philadelphia, is a public school district established under Pennsylvania law. It receives federal funding under IDEA.

7.  Counterdefendant, James E. Nevels, is Chairman of the School Reform Commission

6

for the School District of Philadelphia.  Upon information and belief, he is a citizen of the United States and a resident of the Commonwealth of Pennsylvania.  He is sued in his individual capacity.

8.  Counterdefendant, Paul Vallas, is Chief Executive Officer for the School District of Philadelphia.  Upon information and belief, he is a citizen of the United States and a resident of the Commonwealth of Pennsylvania.  He is sued in his individual capacity.

9.  Counterdefendant, Theresa Harrington, is Special Education Case Manager for the Northwest Region of the School District of Philadelphia.  Upon information and belief, she is a citizen of the United States and a resident of the Commonwealth of Pennsylvania.  She is sued in her individual capacity.

### IV.   OVERVIEW OF THE SPECIAL EDUCATION SYSTEM

10.   Under the IDEA and its implementing regulations, every eligible child with a disability is entitled to receive a free, appropriate public education ("FAPE") in the least restrictive environment ("LRE") appropriate to meet the child's individualized needs.  20 U.S.C. § 1400 *et seq.*, 34 C.F.R. Part 300.

11.  Parents, teachers and other school representatives participate in the process of determining what constitutes a FAPE for each child with a disability.  This process culminates in the creation of an Individualized Education Plan ("IEP") that is specifically tailored to meet the child's unique needs.  20 U.S.C. § 1412(a)(4).

12.  An IEP is a written document that describes the child's present levels of performance, lists the annual goals and short-term objectives or benchmarks that the child is expected to achieve during the term of the IEP, and describes the specially designed instruction

and related services the child must receive in order to progress toward those goals and objectives.

13.   A child's IEP must be reviewed and revised at least annually.

14.   The procedural safeguards provided by the IDEA include but are not limited to the right of the student's parents to participate in the development of an Individualized Education Program ("IEP").

**V.      EXHAUSTION OF CLAIM IS UNNECESSARY AND FUTILE**

15.   Children with disabilities and their parents are normally required to resolve disagreements over IDEA issues through the impartial due process hearing system before proceeding to court.

16.   The Counterclaimants are not required to exhaust the IDEA administrative procedures through the due process hearing system for their claim against the District concerning the inappropriateness of the District's IEP for the 2005-2006 school year because such action would be futile, unnecessary and inadequate.  Two separate administrative hearings concerning E.C.'s high school program have already been held and a full administrative record exists.  The most recent hearing concluded just two months ago.  Another administrative hearing at this time to address the current school year which is nearly half way completed, is unnecessary.  Moreover, the School District of Philadelphia has demonstrated that it does not comply with Hearing Officer's Orders or agreed upon settlements.  Therefore, a further administrative hearing at this time would be futile.

17.   As against all Counterdefendants, E.C.'s Parents assert a separate independent legal action for monetary relief, in connection with their failure to provide FAPE to E.C. for the 2002-2003 school year and each year thereafter, including the present school year.  Due process

hearing officers have no authority to award such relief.  Thus, further exhaustion would be futile, inadequate, and unnecessary.

## VI.    FACTUAL STATEMENT

Defendants in the above action and Counterclaimants herein,  D.C. and J.C., on behalf of E.C., incorporate by reference the District's averments in its Complaint and their Answer to the Complaint with Affirmative Defenses.  They also allege the following additional facts:

18.  E.C. attended public schools in the District though the 2001-2002 school year, her eighth grade year.

19.  Prior to high school, E.C. was assigned to a full-time, self-contained, learning support class.  She was included with non disabled peers during lunch, recess and physical education.

20.  E.C.'s areas of functioning vary widely.  Although her I.Q. falls within the mentally retarded range, some of her academic skills are stronger than those of many life skills students.

21.  E.C. is a conscientious student who learns slowly but works hard.

22.  At the time E.C. was entering high school, no Philadelphia high school had a full-time learning support program, into which E.C. could smoothly transition.

23.  Because the District's IEP and NOREP for the 2002-2003 school year for a part-time learning support program at Roxborough High School did not offer FAPE to E.C., her Parents placed her at the Pathway School, a nonprofit, approved private school designed for children with learning disabilities.  They requested and won a due process hearing challenging the District's proposed program and placement.

24.  On December 9, 2002, a Hearing Officer ordered the District to fund E.C.'s 2002-

2003 placement at the APS.  The Hearing Officer also ordered the parties to reconvene the IEP team to develop a new program for E.C.

25.  In violation of the Hearing Officer's Order, the District refused to pay for E.C.'s private tuition for the 2002-2003 school year.

26.  The Parents rejected the District's offer of a new IEP for E.C. and again initiated Due Process proceedings.

27.  On June 17, 2003, prior to the first due process hearing session, the District agreed to pay tuition and related fees for E.C. at the Pathway School and to provide transportation for the 2002-2003 and 2003-2004 school years.

28.  The District subsequently failed and refused to fund E.C.'s tuition at Pathway, despite the decision by the first Hearing Officer Ordering the District to pay the Pathway tuition for the 2002-2003 school year and also despite the District's agreement, made in the presence of a second hearing officer,  to fund tuition for the 2002-2003 as well as the 2003-2004 school years at Pathway.  The District made no payments to Pathway on E.C.'s behalf until after a complaint was filed in federal court.

29.  On May 7, 2004 the District convened an IEP meeting to develop E.C.'s program for the 2004-2005 school year.  The District proposed that E.C. be placed in the Life Skills Support program at Swenson Arts & Technical School in the District.

30.  E.C.'s Parents rejected the District's IEP and NOREP offered for the 2004-2005 school year, and for the third time during E.C.'s high school career, they requested due process.

31.  The Parents won their due process hearing, which is the subject of the above appeal by the District.

32.  E.C.'s Parents continued to fund her program at the Pathway School during the 2004-2005 school year and to the present, although the District was and is legally obligated to fund the program during the pendency of due process and court proceedings.

33.  On May 17, 2005, an IEP meeting was held for E.C. at the Pathway School, in which the Parents participated, to develop E.C.'s program for the 2005-2006 school year.

34.   The District had requested that Pathway schedule the IEP meeting for May 17, 2005 but no District representatives attended the IEP meeting that day.

35.  The District subsequently held an IEP meeting at the Pathway School on May 19, 2005.  The District did not provide timely notice to the Parents with an Invitation to Participate in the IEP meeting.  E.C.'s parents were unable to attend on May 19, 2005 but the District nevertheless proceeded to develop E.C.'s program without them.

36.  The District sent E.C.'s parents an IEP and NOREP, dated May 20, 2005, proposing the Life Skills support program at Swenson Arts & Technical School.

37.  E.C.'s parents rejected the District's proposed program and placement for the 2005-2006 school year and requested a due process hearing.

38.  The District never submitted E.C.'s parents due process request concerning the 2005-2006 school year to the Office for Dispute Resolution ("ODR").

39.  Since September 2002, The District has failed to offer E.C. required educational services in the least restrictive environment.

40.  Counterdefendant, Theresa Harrington, Special Education Case Manager, was a member of E.C.'s IEP team, and participated in E.C.'s IEP meetings, including the May 7, 2004 and May 19, 2005 IEP meetings.  Ms. Harrington was familiar with E.C. when she attended

11

District schools prior to high school.  Although she was familiar with E.C. and knew or should have known of E.C.'s unique educational needs, she authorized the District to offer a program and placement that did not meet E.C.'s educational needs and violated her substantive and procedural legal rights.

41.  Counterdefendants, James E. Nevels, and Paul Vallas have failed to adopt policies, procedures and practices to provide a full continuum of educational services to students in the District, including full-time learning support classes at the high school level, and have ratified the District's use of inadequate policies, procedures and practices.

42.  Counterdefendants, James E. Nevels, and Paul Vallas have failed to adopt policies, procedures and practices to ensure that District staff comply with IDEA procedural safeguards, including but not limited to, complying with Hearing Officer's orders and agreed upon settlements and including parents as IEP participants; moreover, they have ratified the District's use of inadequate policies, procedures and practices against students with disabilities, including, inter alia, E.C.

43.  Counterdefendants, James E. Nevels, and Paul Vallas have failed to adopt policies, procedures and practices to ensure that District staff comply with the transition requirements of IDEA, and have ratified the District's use of inadequate policies, procedures and practices against students with disabilities, including, inter alia, E.C.

44.  Counterdefendants Harrington, Nevels and Vallas have acted with malice and deliberate indifference to E.C.'s statutory rights and in defiance of settled, indisputable law.

45.  All Counterdefendants have denied E.C. the opportunity to make academic progress in a less restrictive setting which has widened the gap for her to enter the "real world" or be

prepared for adult life after high school.

46.   By their actions and inactions, Counterdefendants have denied E.C. interaction and socialization with non disabled children and have deprived her of the right to participate in the District's programs and services on the basis of her disability.

47.   E.C. has suffered damages as a result of the District's failure to make reasonable efforts to educate her in its public schools.

## VII.   CAUSES OF ACTION

Count I - Individuals with Disabilities Education Act: 2002-2003, 2003-2004 and 2004-2005
School Years
Counterclaimants v. Counterdefendant School District of Philadelphia

48.   Paragraphs 1 though 47 are incorporated by reference as if fully set forth herein.

49.   E.C. is a child with a disability as defined by the IDEA.

50.   Beginning in the 2002-2003 school year and continuing through the 2003-2004 and 2004-2005 school years, The Philadelphia School District has violated E.C.'s rights under the IDEA in: 1) failing to offer E.C. a free and appropriate education  to which she was entitled; 2) failing to offer an individualized program in the least restrictive environment; 3) failing to follow procedural safeguards mandated in the statute; 4) failing to offer E.C. appropriate transition services to prepare her for adult life; and 5) compelling E.C. to be educated in a more restrictive placement than necessary.

Count II - Individuals with Disabilities Education Act: 2005-2006 School Year
Counterclaimants v. Counterdefendant School District of Philadelphia

51.   Paragraphs 1 though 50 are incorporated by reference as if fully set forth herein.

52.   E.C. is a child with a disability as defined by the IDEA.

53. The District has violated its obligations under IDEA in: ) failing to offer E.C. a free and appropriate education to which she was entitled for the 2005-2006 school year; 2) failing to offer an individualized program in the least restrictive environment; 3) failing to follow procedural safeguards mandated in the statute, including but not limited to: including the parents in development of E.C.'s IEP and timely submitting their request for due process; 4) failing to offer E.C. appropriate transition services to prepare her for adult life; and 5) compelling E.C. to be educated in a more restrictive placement than necessary.

Count III - Section 504 of the Rehabilitation Act
Counterclaimants v. Counterdefenant School District of Philadelphia

54. Paragraphs 1 though 53 are incorporated by reference as if fully set forth herein.

55. E.C. is a child with a disability as defined by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* and is otherwise qualified for public secondary education.

56. The School District is a recipient of federal assistance within the meaning of 29 U.S.C. § 794(a).

57. The School District has violated Section 504 by the omissions and commissions as described above, which has resulted in discrimination against her solely by reason of her disability.

58. The District excluded E.C. from participation in and denied her the benefits of a free appropriate secondary public education and equal educational opportunity in the least restrictive environment.

Count III - Violation of Federally Protected Rights; Section 1983
Counterclaimants v. All Counterdefendants

59. Paragraphs 1 though 58 are incorporated by reference as if fully set forth herein.

60.  Each counterdefendant, acting in their individual capacity, through their non-compliance with the IDEA and Section 504 have individually and jointly deprived E.C. of her federally protected rights, including the right to a free and appropriate education in the least restrictive environment and to be free from discrimination, thus rendering defendants liable under 42 U.S.C. § 1983.

61.  Counterdefendants have a policy, practice or custom of engaging in the unlawful activities complained of herein and the actions taken by them and their staff were the product of official policy or represented customary behavior.

62.  The actions and inaction of Counterdefendants constitutes a pattern and practice of failing to provide students, and students like E.C. in particular, an appropriate education in the least restrictive environment.

63.  The actions and inaction of Counterdefendants constitutes a pattern and practice of delay so that defendants do not have to pay, expend and/or provide students such as E.C. with services to meet their needs.

64.  The Counterdefendants' actions and inaction were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to reveal a conscious indifference to E.C.'s rights to a free, appropriate, public education.

65.  The Counterdefendants' actions and inaction were performed outside the scope of what is reasonable for an administrator in their position based upon established law at the time their actions occurred.

66.  As a result of the actions and inaction described above, E.C. is entitled to damages as compensatory education will not make her whole.

15

## VIII.  RELIEF

Wherefore, Counterclaimants D.C. and J.C., on behalf of E.C., request that this Court:

a.     Assume jurisdiction of this counterclaim;

b.     Declare that the Philadelphia School District and individual counterdefendants have violated IDEA, Section 504 and Section 1983 as enumerated above;

c.     Award monetary damages against the Philadelphia School District and individual counterdefendants;

d.     Award payment of tuition and related costs for the Pathway School for the 2005-2006 school year;

e.     Award plaintiffs their costs and attorneys fees; and

f.     Grant other such further relief as appropriate.


Date:  November 28, 2005                              Respectfully submitted,


                                        By:     /s/ Nancy Ryan
                                                Nancy Ryan, Esquire
                                                Attorney I.D. No. 49670
                                                Lorrie McKinley, Esquire
                                                Attorney I.D. No. 41211
                                                McKinley & Ryan, LLC
                                                1520 Locust Street, 10th Floor
                                                Philadelphia, PA 19102

                                                Counsel for Defendants/Plaintiffs
                                                E.C., D.C. and J.C.